UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

AMY FOSTER,

    Plaintiff,

vs.

CASE NO: 3:10cv-230-S

Za's, INC., a Kentucky corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Amy Foster ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Za's, Inc., a Kentucky corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans With Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331, 1343 and 1367.

2. Venue is proper in this Court, the Western District of Kentucky, pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Western District of Kentucky.

3. Plaintiff, Amy Foster (hereinafter referred to as "Ms. Foster") is a resident of the State of Kentucky and is a qualified individual with a disability under the ADA. Ms. Foster suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990,

1

("ADA") and all other applicable Federal statutes and regulations to the extent that she requires the use of a wheelchair for mobility and has limited use of her upper extremities. Prior to instituting the instant action, Ms. Foster visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Ms. Foster continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Za's, Inc, (hereinafter referred to as "Za's" or "defendant" ) is a Kentucky corporation, registered to do business and, in fact, conducting business in the State of Kentucky. Upon information and belief, ZA'S is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically, the Za's Pizza Pub, located at 1573 Bardstown Rd., Louisville, Kentucky (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Western District of Kentucky.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned and/or operated by ZA'S is a place of public accommodation in that it is a retail Restaurant operated by a private entity that provides goods and services to the public.

8. Defendant ZA'S has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of

goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq.*

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned and/or operated by ZA'S. Prior to the filing of this lawsuit, Plaintiff visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to utilize the Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurant in violation of the ADA. Ms. Foster has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. ZA'S is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. After entering the first set of doors, there is only steps up to the restaurant;
   ii. The bar is too high with no lowered section;
   iii. There is insufficient accessible seating at the facility;
   iv. There are only steps up to enter the restrooms and the billiards area;

Women's Restroom:

   v. The entrance door contains hardware that requires twisting and/or grasping of the wrist to operate;
   vi. There is insufficient maneuvering clearance in the restroom;
   vii. There is no side grab bar provided;

3

    viii.    There is no knee clearance under the lavatory;
    ix.    The paper towel dispenser is out of reach;
    x.    The mirror is too high;

12.    There are other current barriers to access and violations of the ADA at the Restaurant owned and/or operated by ZA'S that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, ZA'S was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, ZA'S has failed to comply with this mandate.

15.    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by ZA'S pursuant to 42 U.S.C. §12205.

16.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against ZA'S, and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by

4

Defendant is violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: April 7, 2010                    Respectfully submitted,

                                        s/Jerry N. Higgins
                                        Jerry N. Higgins, Esquire
                                        Law Office of Jerry N. Higgins, PLLC
                                        Kentucky Bar No: 90310
                                        3426 Paoli Pike
                                        Floyds Knobs, IN  47119
                                        (502) 625-3065-Telephone
                                        (502) 625-7264-Facsimile
                                        jnh@jerryhigginslaw.com
                                        Stephan M Nitz, Esquire
                                        Schwartz, Zweben LLP
                                        3876 Sheridan Street
                                        Hollywood, FL  33021
                                        (954) 966-2483-Telephone
                                        snitz@szalaw.com
                                        Attorneys for Plaintiff